**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RUBY ROSARIO AMARILLO SAGRADO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL<br><br>Respondent. | No. 05-70448<br><br>I. & N. No. A076-694-420<br><br>MEMORANDUM * |

Appeal from the Board of Immigration Appeals

Argued and Submitted September 1, 2009
San Francisco, California

Before: B. FLETCHER and KLEINFELD, Circuit Judges, and DUFFY, ** District Judge.

   Petitioner Ruby Rosario Amarillo Sagrado ("Petitioner," or "Sagrado"), a native

and citizen of the Philippines, petitions for review of the December 30, 2004, decision

---

   *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   **    The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

of the Board of Immigration Appeals ("BIA") denying Petitioner's motion to reopen her removal proceedings. Previously, the BIA summarily affirmed an order by the Immigration Judge ("IJ") removing Sagrado on grounds that she had illegally entered the United States and entered into a fraudulent marriage for the purpose of procuring a visa. Sagrado argues that the BIA abused its discretion by denying her motion to reopen. She asserts not only that her appeal should be reopened, but also that it should be consolidated with her husband's appeal of the denial of the I-130 visa petition that he submitted on her behalf.

This court reviews BIA rulings on motions to reopen for abuse of discretion and will reverse only if the BIA acted arbitrarily, irrationally, or contrary to law. Mohommed v. Gonzales, 400 F.3d 785, 791 (9th Cir. 2005) (citations omitted). Factual findings are reviewed only for substantial evidence, while questions of law are reviewed de novo. Id. at 791–92.

This court ostensibly has jurisdiction over Sagrado's petition for review pursuant to 8 U.S.C. § 1252. However, federal court jurisdiction depends not only on statute, but also on satisfaction of Article III's requirement that there exist an actual controversy between adverse litigants. For a federal court to have power to decide a case, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43,

2

67 (1997) (quoting <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975)). "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." <u>Church of Scientology of Cal. v. United States</u>, 506 U.S. 9, 12 (1992) (quoting <u>Mills v. Green</u>, 159 U.S. 651, 653 (1895)).

The BIA denied her husband's appeal of the denial of his I-130 petition on June 17, 2008. Thus, even if we were to order the BIA to reopen Sagrado's proceedings, her requested relief can no longer be obtained. Because the court could not grant "any effectual relief" addressing Sagrado's petition at this stage of the proceedings, Sagrado's petition is moot and must be dismissed. <u>See</u> <u>Church of Scientology of Cal.</u>, 506 U.S. at 12.

We also point out, in the alternative, it is clear that the BIA properly exercised its discretion by denying Sagrado's motion to reopen. The BIA gave five reasoned explanations for denying her motion. The first, and sufficient, ground for denial is that Sagrado did not submit any new evidence with her motion to reopen. 8 C.F.R. § 1003.2(c)(1). She enclosed only evidence of the USCIS's denial of her husband's I-130 petition and his pending appeal of that decision to the BIA. But that "new" evidence was available at the time of Sagrado's initial removal hearing. Accordingly, the BIA properly denied her motion to reopen. *Matter of Coelho*, 20 I. & N. Dec. at

3

472 ("[T]he Board must deny a motion to reopen in the absence of previously unavailable, material evidence."). Therefore, even if her appeal were not moot, Sagrado's petition would be denied.

For the foregoing reasons, we DISMISS the petition for review.